**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TRUSTEES OF THE SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS WELFARE AND PENSION FUNDS, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Case No.: 2012 C 5560 |
| FORREST REDI-MIX, INC., an Illinois corporation, | ) ) | Judge Suzanne B. Conlon |
| S & S CONSTRUCTION, RONALD STEIDINGER and SCOTT STEIDINGER, | ) ) ) ) | Magistrate Judge Finnegan |
| Defendants. | ) ) | |

**PLAINTIFFS' MOTION TO STRIKE AFFIRMATIVE DEFENSES**

Plaintiffs, by one of their attorneys JOHN J. TOOMEY and ARNOLD AND KADJAN,

pursuant to F.R.C.P. 12(f), respectfully request this Honorable Court to strike the affirmative

defenses of Defendant FORREST REDI-MIX, INC., an Illinois corporation ("Forrest"), as

redundant, immaterial, irrelevant, and insufficient in law as determined by the Seventh Circuit in

29 U.S.C. § 1145 ERISA collection actions and not procedurally pled under Twombly.  In

support of their motion Plaintiffs state the following:

I.      **THIS COURT SHOULD STRIKE FORREST'S AFFIRMATIVE DEFENSES, AS**
        **PLED IN ITS ANSWER, AS THEY ARE CONTRARY TO ESTABLISHED LAW**
        **AND THUS INVALID ON THEIR FACE**

Under F.R.C.P. 12(f) a party may move to strike "from any pleading any insufficient

defense or any redundant, immaterial, impertinent, or scandalous matter."  Forrest pleads three

affirmative defenses in its Answer:

        a.      Equitable estoppel.

      b.      Doctrine of laches.

      c.      Unclean hands and fraud in the inducement.

    3.      The United States Supreme Court decisions in Bell Atlantic Co. v. Twombly, 550 U.S. 544 (2007) and Iqbal v. Ashcroft, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) held that federal pleadings require some factual development.  Under Twombly, to state a valid claim, a plaintiff must plead "the 'grounds' of his 'entitlem[ment] to relief,' " which "requires more than labels and conclusions:" "a formulaic recitation of the elements of cause of action will not do." Twombly, 550 U.S. 544, 555 (2007).  "Neither does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement." Iqbal, 129 S. Ct. at 1949, 173 L. Ed. 2d at 883-84 (2009).

    4.      Though both Twombly and Iqbal involved complaints, the majority of courts, including in this judicial district, have ruled that the same pleading standards apply to affirmative defenses. See, e.g., On Command Video Corp. v. Roti, 2010 U.S. Dist. LEXIS 42715 at 12 (N.D. Ill., Apr. 30, 2010) ("the court must strike his *** affirmative defenses because they cannot withstand a Rule 12(b)(6) challenge.  Under Twombly [citation.], Forrest must plead sufficient facts to suggest plausibly that he is entitled to relief"); Local 165, Laborers' Int's Union of N. Am. v. DEM/EX Grp. Inc., 2010 U.S. Dist. LEXIS 22707 at 3 (C.D. Ill., Mar. 11, 2010) ("more than 'bare bones' pleading is required.  Defenses must be stated in 'short and plain terms.'  This same description- 'short and plain'- is used to describe how a complaint must be filed, and it is clear that the phrase means that there must be enough to give the opposing party notice of the basis for the claim or the defense. [Citation to Twombley].  This same standard applies to the pleading of affirmative defenses"); Microsoft Corp. v. Lutian, 2011 U.S. Dist. LEXIS 109918 at 6 (N.D. Ohio, Sept. 27, 2011) ("This court finds that there is no logical reason

why the heightened pleading standard would only apply to complaints and not pleadings generally. Therefore the court finds that the heightened pleading standards required by <u>Twombly</u> and <u>Iqbal</u> apply to affirmative defenses").

5.    At least one bankruptcy court has, similarly, struck affirmative defenses, in an adversary proceeding, for a failure to meet <u>Twombley/Iqbal</u> pleading standards. See <u>Gordon v. Ameriquest Mortgage Corp.</u>, 2011 Bankr. LEXIS 1586 (N.D. Ga., April 7, 2011).

6.    Defendant's affirmative defenses plead not a single fact. Nor do they give any explanation of their application to the instant case. For example:

    a.    while attempting to invoke the doctrine of laches, Defendant fails to plead any facts demonstrating how much time has passed between the discovery of his misconduct and the bringing of Plaintiffs' claims, so as to demonstrate that Plaintiffs slept on their rights;

    b.    while attempting to assert that Plaintiffs have unclean hands, Defendant pleads no specific inequitable conduct by Plaintiffs;

    c.    while attempting to invoke the doctrine of equitable estoppel, Defendant never pleads what representations Plaintiffs made that he relied on;

    d.    while attempting to invoke waiver, Defendant never pleads when Plaintiffs were actually required to bring their claims, or how they, otherwise, waived their claims;

7.    Instead, each "affirmative defense" merely presents a legal conclusion, which is insufficient under <u>Twombley</u> and <u>Iqbal.</u> See <u>Gordon</u>, 2011 Bankr. LEXIS 1586 at 2 ("This bare recitation of a legal conclusion is insufficient to provide notice of the factual basis of the defense").

8. Procedurally Defendant's affirmative defenses, as plead, are at best "bare bones," and, are therefore, fatally deficient under *Twombley* and *Iqbal*, and should be stricken. Moreover, they are deficient as a matter of law.

9. As a matter of law, employer defenses based upon union conduct are rejected on the basis that the trust is not the Union. Further, the Union is not a party to the proceeding. Central States Pension Fund v. Gerber Truck Service, Inc., 870 F.2d 1148, 1149 (7th Cir. 1989) footnote 1 determined the bargaining history is irrelevant and discovery of such information is therefore unavailable. The court en banc held that a plan may enforce the writings according to their terms. The pension and welfare funds are like a holder in due course entitled to enforce the writing without regard to understandings or defenses applicable to the original parties.

10. Agathos v. Starlite Motel. 977 F.2d 1500, 1505 (3rd Cir. 1992) in following Gerber held employers are precluded from raising contract defenses as a means of avoiding the obligation to contribute to employee benefits, including that "the union abandoned the collective bargaining agreement" citing Benson v. Brower's Moving & Storage, Inc., 907 F.2d 310 at 314-16 (2nd Cir.) cert. den. 111 S.Ct. 511 (1990).

Agathos determined as a matter of law there are only three recognized defenses to an ERISA 29 U.S.C. 1145 ERISA action:

      a.    The contributions themselves are illegal.
      b.    The agreement is void abinitio, as where there is fraud in the execution.
      c.    The employees have voted to decertify the union as its bargaining representative.

Agathos is followed in this District in Moriarty v. Glueckert Funeral Home, Inc., 925 F. Supp. 1392 N7 (N.D. Ill. 1996, Shadur) and Laborers Pension Fund v. A & C Environmental, 301 F.2d 768, at 778-79 following Gerber.

11.  <u>Gerber</u> at 870 F.2d 1148 at 1149 footnote 1 (7th Cir. 1989) analyzed in detail the

nature of so called "defenses" that are not acceptable which Defendant poses here:

> Employer must make full contributions promised in
> agreement, even though employer had paid and could
> not recoup, an identical sum to another pension plan
> citing <u>Maxwell v. Lucky Construction Co.</u>, 720 F.2d 1395
> (9th Cir. 1983); <u>Operating Engineers Pension Trust v. Beck</u>
> <u>Engineering</u> 746 F.2d 557 (9th Cir. 1984); <u>Operating Engineers</u>
> <u>v. Giorgi</u>, 788 F.2d 620 (9th Cir. 1986); fund entitled to full
> contribution promised even though employer was required
> to and did make identical payments to another fund.

## UNION CONDUCT NOT A DEFENSE

12.  The Union is not a party to this collection action.  <u>Gerber</u>, 870 F.2d 1148 (7th Cir.

1989) is clear that defenses based on Union conduct are irrelevant or an alleged oral side

agreement.  <u>Central States v. Transport, Inc.</u>, 183 F.2d 623 (7th Cir. 1999) determined a written

side agreement if not given to the trust was not enforceable, oral arguments are no defense.

<u>Central States v. Joe McClellan Trucking</u>, 23 F.2d 1256, 57-58 (7th Cir. 1994).  An agreement

cannot be varied by oral understandings between an employer and local union.  <u>Gerber</u> supra.

These defenses fail as a matter of law.

13.  Estoppel as to the Plaintiff Funds fails as a matter of law as <u>Teamsters &</u>

<u>Employers Welfare Trust v. Gorman Brothers Ready Mix</u>, 283 F.3d 877 (7th Cir. 2002) holds

estoppel cannot be used to allow oral representations to expand the terms of a written plan.

In order to establish equitable estoppel, a defendant must show:

1.  A knowing representation
2.  made in writing
3.  with reasonable reliance on that representation
4.  to its detriment

14.     The Seventh Circuit found in <u>Gorman</u> "defense fails as a matter of law" and so must Defendant's as there is no writing from the Fund and no reasonable reliance by Defendant on any writing from the Fund.

15.     Defendant does not plead the existence of a writing by the Fund that no contributions are owed.  See <u>Sprague v. Central States Pension Fund</u>, 143 F.Supp.2d 948 (N.D. Ill. 2001, Moran) setting forth the minimum requirement of a writing to forego contributions. Thus, there is no estoppel.

16.     <u>Bituminous Coal Operators Assn. v. Connors</u>, 867 F.2nd 625, 636 (D.C. Cir. 1989) expressly adopted in <u>Gerber Truck</u> held affirmative defenses regarding contract formation including estoppel, <u>waiver</u>, failure of consideration were all disallowed.  The court determined "the bargaining history is irrelevant and discovery of such information is therefore unavailable". Thus, the defenses are not valid.

17.     Teamster agreements routinely call for contributions based per week which are legal and enforceable.  <u>Teamster Welfare Fund v. Gorman Ready Mix</u>, 283 F.3d 877 (7th Cir. 2002).

18.     <u>Gorman Ready Mix</u>, 283 F.2d at 880-883 holds laches and equitable estoppel are the same and the laches period in a benefit collection is 10 years.  Thus laches fails as a defense.

19.     These defenses are routinely raised in 29 U.S.C. 1145 actions and they are denied. See attached <u>Carpenters of Will County Fund v. FVE</u>, 00 C 7685 (10/22/01 Hibbler) denying waiver, estoppel laches, and failure to state a claim.

WHEREFORE, Plaintiffs pray that Defendant's Affirmative Defenses be stricken as insubstantial of law and determined by the Seventh Circuit, Gerber, Gorman and A & C Environmental and that they be found to be vexatious under 28 U.S.C. 1927 brought to delay the proceeding and the fees and costs of this motion be assessed.

TRUSTEES OF THE SUBURBAN TEAMSTERS
OF NORTHERN ILLINOIS PENSION AND
WELFARE FUNDS

By: _____
One of Its Attorneys

JOHN J. TOOMEY
ARNOLD AND KADJAN
203 N. LaSalle Street
Suite 1650
Chicago, Illinois 60604
(312) 236-0415

Case: 1:00-cv-07685 Document #: 24 Filed: 10/22/01 Page 1 of 10 PageID #:16

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 7685 | DATE | 10/22/2001 |
| CASE TITLE | Carp PenFd v. FVE & Assc Inc | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Plaintiffs' Motion to Strike Affirmative Defenses and Counter-Complaint (doc. #12-1)

DOCKET ENTRY:

(1)  ☐  Filed motion of [ use listing in "Motion" box above.]

(2)  ☐  Brief in support of motion due _____.

(3)  ☐  Answer brief to motion due_____. Reply to answer brief due _____.

(4)  ☐  Ruling/Hearing on _____ set for _____ at _____.

(5)  ☐  Status hearing [held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6)  ☐  Pretrial conference [held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7)  ☐  Trial [set for/re-set for] on _____ at _____.

(8)  ☐  [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9)  ☐  This case is dismissed [with/without] prejudice and without costs [by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10)  ■  [Other docket entry]   Plaintiffs' Motion to Strike the Affirmative Defenses is GRANTED; Plaintiffs' Motion to Strike the Counter-Complaint is DENIED (doc. #12-1).

(11)  ■  [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | OCT 2 5 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 24 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | courtroom deputy's initials | SD-T FOR DOCKETING 01 OCT 24 PM 5: 37 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TRUSTEES OF THE WILL COUNTY LOCAL    )
174 CARPENTERS PENSION TRUST FUND    )
and WILL COUNTY LOCAL 174    )
SUPPLEMENTAL PENSION FUND,    )
      Plaintiffs,    )
   )
      v.    )
   )
F.V.E. & ASSOCIATES, INC.    )
d/b/a FOX VALLEY EXTERIORS, INC.,    )
      Defendants.    )

**DOCKETED**

OCT 2 5 2001

CASE NO. 00 C 7685

JUDGE WILLIAM J. HIBBLER

<u>MEMORANDUM AND ORDER</u>

The Court has before it Trustees of the Will County Local 174 Carpenters Pension Trust Fund and Will County Local 174 Supplemental Pension Fund's ("Plaintiffs") Motion to Strike F.V.E. & Associates, Inc., d/b/a Fox Valley Exteriors, Inc.'s ("Defendant") Affirmative Defenses One through Six and Counter-Complaint. Plaintiffs claim defense number one must fail because it does not fall within any of the recognized categories of defense to an ERISA action, per 29 U.S.C. § 1145, and defenses numbered two through six must fail based on the reading of the clear language of the collective bargaining agreement and trust documents. Plaintiffs further claim Defendant's counter-complaint must fail under Rule 12(f) of the Federal Rules of Civil Procedure. The Court agrees with Plaintiffs' claims regarding the affirmative defenses and disagrees with the claim regarding the counter-complaint. Accordingly, the Court GRANTS the Motion to Strike the Affirmative Defenses and DENIES the Motion to Strike the Counter-Complaint.

1

Case: 1:00-cv-07685 Document #: 24 Filed: 10/22/01 Page 2 of 10 PageID #:18

### Background

This case arises out of a collective bargaining agreement between Defendant and the local carpenters' union to provide pension benefits to its union members. Under the agreement, Defendant contributes to local pension funds on behalf of employed union members. These local pension funds have reciprocity agreements with Plaintiffs that allow funds to be transferred between the funds to cover workers in different counties or regions. The dispute arises out of Plaintiffs' claim that Defendant breached this agreement by failing to contribute to Plaintiff funds from May 1, 1997 through August 31, 2000. Defendant denies the breach, on the grounds contributions were made to other pension funds (i.e. Trustees of the Will County Carpenters Local 174 Health & Welfare Fund, Chicago & Northeast Illinois District Council of Carpenters and Carpenters Local Union 174, and Carpenters Fringe Benefit Funds of Illinois and Michael T. Kucharski as administration manager (collectively referred to here as "Third-Party Defendants")) which have reciprocity agreements with Plaintiffs. Defendant claims these contributions fulfill its obligation to Plaintiffs and raises numerous affirmative defenses indicating the reciprocity agreement between Plaintiffs and Third-Party Defendants obviates the breach of contract claim. Defendant also initiated a Third-Party Complaint against the Third-Party Defendants to recover any erroneous overpayments. Plaintiff has moved to strike the affirmative defenses and "counter-complaint."

Case: 1:00-cv-07685 Document #: 24 Filed: 10/22/01 Page 4 of 10 PageID #:19

### Standard of Review

"Affirmative defenses are pleadings and, as such, are subject to the pleading requirements of the Federal Rules of Civil Procedure." *Renalds v. S.R.G. Restaurant Group*, 119 F.Supp.2d 800, 802 (N.D. Ill. 2000). "Affirmative defenses will be stricken 'only when they are insufficient on the face of the pleadings'", because motions to strike affirmative defenses are generally disfavored. *Williams v. Jader Fuel Co., Inc.*, 944 F.2d 1388, 1400 (7th Cir. 1991)(quoting *Heller Financial v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989)).

### Motion to Strike the Affirmative Defenses

#### *Affirmative Defense 1: Failure to State a Claim Upon Which Relief Can be Granted*

> "Plaintiffs' Complaint does not state a claim upon which relief can be granted."

Plaintiffs withdrew this affirmative defense in their Response, so there is no need for the Court to address this issue.

#### *Affirmative Defense 2: Relief for Overpayment*

> "To the extent any money is due, which Defendant denies, Defendant is entitled to relief for overpayment of welfare funds."

Defendants have submitted a Third-Party Complaint against Third-Party Defendants to obtain overpayment for contributions to the pension fund. This Third-Party Complaint is nearly identical to the Counter-Complaint referenced by Defendants in *Trustees of the Will County Local 174 v. K&I Construction, Inc.*, 00 C 7684 (Judge Pallmeyer, N.D. Ill. August 28, 2001). In that case, Judge Pallmeyer struck the Affirmative Defense of Relief for Overpayment as being "redundant of K&I's

3

Case: 1:00-cv-07685 Document #: 24 Filed: 10/22/01 Page 5 of 10 PageID #:20

counterclaim." Defendants' attempt to distinguish *Trustees* from the case at hand is admirable, but unpersuasive. Whether offered as a Counter-Complaint or a Third-Party Complaint, the fact remains the external complaint already addresses the issue of overpayment. The Affirmative Defense submitted by Defendants here must therefore fail for the same reason as the Counter-Complaint in *Trustees* : it is "redundant of" an existing submitted Complaint.

### Affirmative Defense 3: Estoppel

> "Plaintiffs are estopped from asserting claims since Plaintiffs have permitted practice of specialty trade employers such as Defendant to pay all contributions to either the Chicago Funds or Illinois Valley Funds, and those funds under the reciprocal agreements between such other funds; and Plaintiffs transfer money or credits; thus, no contributions are due."

Despite lack of clear agreement among the courts as to the correct and proper definition of estoppel in the ERISA context, courts do seem to agree "four elements must always be present: (1) a knowing representation, (2) made in writing, (3) with reasonable reliance on that misrepresentation by the plaintiff, (4) to her detriment." *Trustmark Life Ins. Co. v. Univ. of Chicago Hosps.*, 207 F.3d 876, 883 (7th Cir. 2000)(citing *Coker v. Trans World Airlines, Inc.*, 165 F.3d 579 (7th Cir. 1999)); see *Coker*, 165 F.3d at 585 (restating and clarifying the use of estoppel under ERISA ("It is not easy to apply estoppel rules to ERISA cases.")).

In its Response, Defendant points to the reciprocity agreements between Plaintiffs and the various other trust funds and the Pension Plan as written documents which fulfill these estoppel requirements.

4

Defendant claims Plaintiffs' long-standing use of the reciprocity agreements and the language in the Pension Plan are "knowing representations" under this standard, and that Defendant reasonably relied on these various documents to his detriment because he contributed to the "wrong" funds for eight years and was never told by Plaintiff that these contributions were erroneous.

However, Defendant admits to not being a party to either the agreements or the Pension Plan. As such, Defendant cannot claim any written representation was knowingly made *to him*. Third-party awareness of these documents does not satisfy the knowing representation standard. *Teamsters & Employers Welfare Trust of Illinois v. Gorman Bros. Ready Mix*, 139 F.Supp.2d 976, 985-86 (C.D. Ill. 2001); *see also Coker*, 165 F.3d at 585 (questions about misrepresentation cannot be resolved simply by interpreting an existing plan or a collective bargaining agreement). In the absence of a knowing, written representation, there can be no reliance. Therefore, Defendant cannot establish the elements of estoppel and cannot assert that affirmative defense.

### Affirmative Defense 4: Laches

> "Plaintiffs are guilty of laches for the same reasons as set forth in Affirmative Defense No. 3."

The law is unclear as to whether laches can be applied to ERISA actions, with different courts reaching different decisions. *See UIU Severance Pay Trust Fund v. Local Union No. 18-U, United Steelworkers of Am.*, 998 F.2d 509 (7th Cir. 1993) (considers laches in a case of delinquent contributions); *Martin v. Consultants & Admins., Inc.*, 966 F.2d 1078, 1091 (7th Cir. 1992) ("there is authority for applying laches in cases

5

Case: 1:00-cv-07685 Document #: 24 Filed: 10/22/01 Page 7 of 10 PageID #:22

governed by a statute of limitations"); *Moriarty v. Glueckert Funeral Home, Ltd.*, 967 F.Supp. 1038 (N.D. Ill. 1997)(laches unavailable because of no lack of diligence); *Moriarty v. Glueckert Funeral Home, Ltd.*, 925 F.Supp. 1389 (N.D. Ill. 1996)(laches unavailable due to failure to prove unreasonable delay).

Defendant cites a recent decision of the U.S. District Court for the Central District of Illinois, in which the court determined the weight of precedent allows a wide-ranging application of laches to ERISA cases. *Gorman Bros.*, 139 F.Supp.2d at 986. That court reached its conclusion through a broad reading of decisions of the various Circuit Courts of Appeals, most notably the Seventh. *See Martin*, 966 F.2d at 1091. This Court respectfully disagrees with such an overextension of the principle of laches and an overly broad reading of the prior decisions; the Court believes that holding does not warrant the application Defendant ascribes to it here. While the Seventh Circuit in *Martin* does concede, as indicated above, there is some authority for applying laches, the decision also admits "courts are often hesitant to apply laches where a plaintiff has sued within the time period expressly provided by the applicable statute." *Id.* at 1090. In this case, Defendant admits ERISA contains a ten-year statute of limitations in suits for delinquent contributions to pension plans. 29 U.S.C. § 1145. As such, the concerns indicated in *Martin* prevent the Court from accepting Defendant's overextension of the principle of laches here.

However, even if the Court assumed for the sake of argument the defense of laches might be be available here, the facts of this case bar its application and remove it as a possible defense. "In order to

6

Case: 1:00-cv-07685 Document #: 24 Filed: 10/22/01 Page 8 of 10 PageID #:23

establish laches, the party asserting the doctrine must show (1) unreasonable delay and (2) harm or prejudice to the party against which laches has been asserted." *Gorman Bros.*, 139 F.Supp.2d at 987 (citing *Martin v. Consultants & Admins., Inc.*, 966 F.2d 1078, 1091 (7th Cir. 1992)); *see also Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813, 822 (7th Cir. 1999). There was no "unreasonable delay" in this case, because Plaintiffs filed suit promptly after the audits revealed the discrepancy. The seven-year period which Defendant cites as evidence of unreasonable delay is not the relevant timeframe here. The relevant timeframe is August 30, 2001 (i.e. the closing date of the audit of Defendant's fund contributions) to December 7, 2001 (i.e. the date Plaintiffs' complaint was filed with the Court). Upon completion of the audit and identification of the Defendant's delinquent contributions, Plaintiffs brought suit within months. There is surely no unreasonable delay given that, once the missing contributions were identified, Plaintiffs quickly took action. *See also F.D.I.C. v. Knostman*, 996 F.2d 1133, 1139 (7th Cir. 1992); *Zelazny v. Lyng*, 853 F.2d 540, 543 (7th Cir. 1988); *Smith v. City of Chicago*, 769 F.2d 408, 410 (7th Cir. 1985) ("(L)aches is a question of degree."). Further, "if only a short period of time has elapsed since the accrual of the claim, the magnitude of prejudice required before the suit should be barred is great, whereas if the delay is lengthy, prejudice is more likely to have occurred and less proof of prejudice will be required." *Hot Wax, Inc.*, 191 F.3d at 824 (citations omitted). Here, Plaintiffs pressed their claim in a timely manner and Defendant has failed to allege this relatively minimal time period between discovery of the alleged misconduct and the appropriate response extraordinarily

7

Case: 1:00-cv-07685 Document #: 24 Filed: 10/22/01 Page 9 of 10 PageID #:24

injured Defendant at the substantial level of harm required to bar the claim. For instance, Defendant has not alleged it entered into any new collective bargaining agreements during this thirteen week period. Thus, even if laches is available in ERISA cases, the affirmative defense is inapplicable on the facts to Defendant here.

### *Affirmative Defense 5: Waiver of Additional Contributions*

> "Plaintiffs have waived additional contributions for the same reasons as set forth in Affirmative Defense No. 3."

Defendant claims the reciprocity agreements between Plaintiffs and the other funds are the factual equivalent of a waiver of the right to receive contributions directly from Defendant. However, as stated above under the Court's analysis of defense number three (estoppel), Defendant was not a party to these agreements, and therefore was unable to reasonably rely on them. Thus, the Court need not consider Defendant's submitted definition of "waiver" or address whether a waiver actually existed. This defense must therefore also fail, for the reasons stated previously.

### Motion to Strike the Counter-Complaint

Plaintiffs also moved to strike the Counter-Complaint under Rule 12(f) of the Federal Rules of Civil Procedure. Rule 12(f) states that, "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f) (2001).

First, Defendant has not filed a Counter-Complaint in this case, so there is no such document for the Court to strike. Further, even if Plaintiffs are referring to Defendants' Third-Party Complaint, the Motion

8

Case: 1:00-cv-07685 Document #: 24 Filed: 10/22/01 Page 10 of 10 PageID #:25

to Strike must be denied; Plaintiff simply states the complaint must be stricken and fails to provide the Court with any reason why the complaint should be stricken here. Without addressing the factual merits of the Third-Party Complaint, the Court therefore concludes Defendants have stated a claim for set-off which meets the pleading requirement. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 113 S.Ct. 1160, 1161 (1993)(citing *Conley v. Gibson*, 355 U.S. 41 (1957)). Under the liberal notice pleading standards, "The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all that the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.* The Court must therefore DENY the Motion to Strike the Counter-Complaint.

### CONCLUSION

For the above reasons, Plaintiffs' Motion to Strike the Affirmative Defenses is GRANTED, while the Motion to Strike the Counter-Complaint is DENIED.

**IT IS SO ORDERED.**

DATED: October 22, 2001

WILLIAM J. HIBBLER, DISTRICT JUDGE

9